THE ROOSEVELT HOSPITAL, APPELLANT, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, RESPONDENT.

*Local assessment — may be imposed on hospital — necessity of a sewer being laid out and designated on a plan of a district prepared by the Croton Aqueduct Board under chap. 381 of 1865.*

APPEAL by the plaintiff from a judgment of the Special Term reducing a certain assessment for a sewer which had been imposed on the property occupied by the plaintiff for hospital purposes, the court refusing to vacate the assessment absolutely, and the plaintiff appealed.

The court at General Term, after holding that the plaintiff's property was not exempt from the taxation complained of, and that the prior valuation of the property by the ward assessors for the purpose of taxation was regular, and authorized an assessment for a local improvement up to an amount equal to one-half of such prior valuation, and that it was not necessary that the assessment imposed should be confirmed by the common council (*Matter of St. Joseph's Asylum*, 69 N. Y., 353; *Matter of St. Mark's Church*, 11 Hun, 381; *Matter of Hebrew Orphan Asylum*, 70 N. Y., 476; Laws of 1861, chap. 308), said : " The proposition that the sewer, not being laid down on the plan devised by the Croton Aqueduct Board the assessment was void, cannot be maintained. The plaintiff has failed to show that the sewer in question was not in accordance with the general plan for sewers in the district in which the sewer was constructed. The learned judge who presided at the trial declares by the ninth finding that the Croton Aqueduct Board devised a general plan of the district in which the sewer was located, and caused a map thereof to be filed prior to the making of the contract for the construction of the sewer. It is true that he also holds that the sewer to which the assessment relates, between Fifty-fifth and Fifty-seventh streets, was not laid down or particularly indicated on said map. But at the same time he declares that in no other respect does it appear that the sewer was not in accordance with the general plan adopted by the defendant

for said district. It appears, however, conclusively that the locality of the sewer designated is within the sewerage district adopted by the proper department under the Laws of 1865, and being in accordance with the general plan of sewerage devised by the Croton Board for the district in which the sewer was proposed to be constructed, the assessment for it is regular and was lawfully imposed. When a district, under the act of 1865 (chapter 381), is laid out, a sewer can be placed within it as best may serve the interests of the city and carry out the principle of drainage.

We do not consider it necessary to the legality of the sewer that upon the general plan of sewerage in other wards in the localities selected for the construction of sewers, the particular line of a sewer should appear on the map. It is enough if it be within the district chosen and designated in accordance with the act of 1865."

*Lewis L. Delafield*, for the appellant. *Hugh L. Cole*, for the city.

Opinion by Brady, P. J.; Ingalls and Daniels, JJ., concurred.

Judgment affirmed.